Dear Representative Voskuhl,
¶ 0 This office has received your request for an official Attorney General's Opinion in which you asked, in effect, the following question:
Is an entity that has obtained compensation from the Waste TireRecycling Indemnity Fund for "collecting, processing, andutilizing" tires for erosion control under 27A O.S. Supp. 1996,§ 2-11-408(A)(3) also eligible to receive reimbursement for"processing . . . collection, transportation, and delivery" ofthose tires under 27A O.S. Supp. 1996, § 2-11-408(A)(1) and(2)?
¶ 1 The Oklahoma Waste Tire Recycling Act, 27A O.S. Supp.1996, §§ 2-11-401-2-11-413 ("the Act"), was originally enacted in 1989. The purpose of the Act was to address the problem of improper disposal of used tires and to encourage the recycling of waste tires. See A.G. Opin. 95-58. Although it has been amended almost annually since, the basic scheme of the Act has remained the same. Whenever a new tire is purchased, the purchaser pays a fixed fee, typically one dollar, into the Waste Tire Indemnity Fund ("the Fund"). 27A O.S. Supp. 1996, §§ 2-11-403[27A-2-11-403] and 2-11-404. Claims can be made against the Fund by qualified individuals who transport, process, or use waste tires. 27A O.S.Supp. 1996, § 2-11-408[27A-2-11-408](A). The waste tire recycling program is administered jointly by the Department of Environmental Quality which sets the standards which applicants for compensation must meet and by the Oklahoma Tax Commission which controls the Fund itself.
 AN ENTITY WHICH USES WASTE TIRES FOR EROSION CONTROL IS NOT ELIGIBLE FOR COMPENSATION FOR PROCESSING OR COLLECTION, TRANSPORTATION AND DELIVERY OF WASTE TIRES UNDER 27A O.S. SUPP. 1996, § 2-11-408(A)(1) AND (2)
¶ 2 Before the Act's most recent amendments in 1996, there was basically only a single class of entities eligible to claim against the fund — "waste tire facilities." See 27A O.S. Supp.1995, § 2-11-405[27A-2-11-405](C). Waste tire facilities are not themselves recyclers but instead are entities which collect and transport tires to a central location where the facility shreds or otherwise processes the tires to make them easier to be reused.27A O.S. Supp. 1996, § 2-11-402[27A-2-11-402](4). The requirements for waste tire facilities are set out in Section 406 of the Act. Under Section 406 waste tire facilities must obtain ten percent of their tires from dumps identified on a "priority enforcement list" created by the Department. Section 406 also requires that the tires be collected as part of comprehensive state-wide program and prohibits waste tire facilities from charging tire dealers for picking up used tires from their stores. Finally, Section 406 provides that waste tires facilities are entitled to 50 cents for every tire they process and an additional 35 cents for every tire they collect and transport to the facility for processing.[1] These compensation rates for waste tire facilities are repeated in Section 2-11-408, which outlines the procedures for compensation.
¶ 3 In 1996, the Act was amended to create a second class of entities eligible for compensation from the Indemnity Fund. Under the 1996 Amendments, entities that use large tires (greater than 17.5 inches in diameter) for certain erosion control projects are eligible to claim against the Fund. The requirements for this category are set out in a new section, 27A O.S. Supp. 1996, §2-11-407.1[27A-2-11-407.1]. Section 407.1 requires that all tires used must be from tire dumps that appear on the priority enforcement list. It mandates that the tires must be used as part of a government-approved conservation project, and that the tires be processed on-site. Section 407.1(B)(1) also sets the rate of compensation for tires used in such projects at $1.50 per tire.
¶ 4 The 1996 amendments also amended Section 2-11-408 to include a description of the compensation for entities engaged in using waste tires for erosion control. The section now provides:
 A. Upon receiving completed applications and upon determining that there are sufficient monies in the Waste Tire Recycling Indemnity Fund, the Oklahoma Tax Commission shall compensate waste tire facilities and any person, corporation or other legal entity authorized to receive reimbursement pursuant to Section [407.1] of this act as applicable for:
 1. Processing the number of tires documented in the application at the rate of one-half dollar ($0.50) per eighteen and seven-tenths (18.7) pounds of tires;
 2. The collection, transportation and delivery of waste tires documented in the application at the rate of thirty-five cents ($0.35) per eighteen and seven-tenths (18.7) pounds of tires. This amount shall not be payable, however, unless and until such tires have been actually processed according to the facility's solid waste permit; and
 3. Collecting, processing and utilizing tires having a tire rim diameter of greater than seventeen and one-half (171/2) inches for erosion control, bank stabilization or other conservation projects pursuant to Section [407.1] of this act documented in the application at the rate of One Dollar and fifty cents ($1.50) per tire. . . .
 B. If the Indemnity Fund contains insufficient funds in any month, then the Oklahoma Tax Commission shall apportion the payments among all the qualifying applicants according to the percentage of tires collected, transported, delivered or processed.
27A O.S. Supp. 1996, § 2-11-408[27A-2-11-408] (emphasis added).
¶ 5 Your question asks whether it is possible under the amended Section 408 for someone receiving compensation for using tires for erosion control under Section 408(3) to also obtain reimbursement for "processing" under Section 408(A)(1) and "collection, transportation, and delivery" of such tires under Section 408(A)(2). The answer to this question must be no. There is nothing about Section 408 which would indicate that it is somehow an independent source of authority for reimbursement. Rather, it provides procedures for reimbursing waste tire facilities and entities using tires for erosion control that otherwise qualify under Section 406 or Section 407.1 Any other interpretation would render the requirements in Section 406 and Section 407.1 meaningless. It would permit anyone who "processes" tires to receive 50 cents per tire regardless of where the tires were obtained, thus rendering nugatory the requirement in 406(A)(2) that 10% of such tires come from specified landfills. Similarly, it would permit compensation for the use of waste tires in any erosion control project, despite the requirement of Section 407.1(A)(1) that such a project be approved by the Army Corps of Engineers or a local Conservation District.
¶ 6 This conclusion is reinforced by the plain language of the statute which states that the Oklahoma Tax Commission shall compensate for the "[c]ollecting, processing and utilizing tires . . . for erosion control . . . at the rate of One dollar and fifty cents ($1.50) per tire." 27A O.S. Supp. 1996, §2-11-408[27A-2-11-408](A)(3). A person who receives $1.50 per tire has thus already been compensated for collecting and processing such tires and thus could have no claim for an additional 50 cents for processing under subsection A(1) and an additional 35 cents for "collection, transportation, and delivery" under subsection (A)(2).
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
An entity that has obtained compensation from the Waste TireRecycling Indemnity Fund for "collecting, processing, andutilizing" tires for erosion control under 27A O.S. Supp. 1996,§ 2-11-408(A)(3) is not also eligible to receive reimbursementfor "processing," "collection, transportation and delivery" ofthose tires under 27A O.S. Supp. 1996, § 2-11-408(A)(1) and(2).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
CANNON MILES TOLBERT ASSISTANT ATTORNEY GENERAL
[1] Specifically, under the Act, waste tire facilities receive 35 cents for transporting and 50 cents for processing 18.7 pounds of tire material. This figure was chosen to be reflective of the average weight of a passenger car tire.